FILED
BILLINGS DIV.
2009 OCT 21 PM 12 49
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | | |
|---|---|---|
| JAMES MORRISON | ) | CV-09-106-BLG-RFC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| LEROY SPANG, President, | ) | U.S. MAGISTRATE JUDGE |
| Northern Cheyenne Tribe; | ) | |
| PATRIC PEERENBOOM, | ) | |
| Director, Casper Re-Entry Center, | ) | |
| | ) | |
| Respondents. | ) | |

On August 31, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss the Petition in this case.

1

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the August 31, 2009 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Petitioner relies on 28 U.S.C. § 2254 as a basis for jurisdiction. Section 2254 applies to persons "in custody pursuant to the judgment of a State court." Petitioner asserts he is custody of the Northern Cheyenne Tribe. The tribe is not a state. The Court does not have jurisdiction under § 2254. No courts in the United States has jurisdiction over Morrison's petitioner under 28 U.S.C. § 2254.

28 U.S.C. § 2241(a) limits federal district courts' authority to grant habeas relief to "their respective jurisdictions."

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to

> present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts . . . : Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

*Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

Petitioner correctly names Patric Peerenboom, the Director of Casper Re-Entry Center in Casper, Wyoming, as a Respondent. However, this Court does not have personal jurisdiction over Peerenboom. The Court would have personal jurisdiction over Spang, but he is not a proper Respondent.

Petitioner may not proceed in the District of Montana because the Court lacks personal jurisdiction over his custodian. Consequently, it would be futile to extend him an opportunity to amend his petition to allege an appropriate jurisdictional basis. The correct jurisdictional basis is 25 U.S.C. § 1303 and 28 U.S.C. § 2241, but jurisdiction cannot lie in this Court. Further, under the circumstances presented here, transfer to cure lack of jurisdiction is not in the interest of justice. 28 U.S.C. § 1631.

Accordingly, **IT IS HEREBY ORDERED** the Petition (*Doc. 2*) is **DISMISSED.**

The Clerk of Court is directed to enter by separate document a judgment of dismissal.

The Clerk of Court is directed to have the docket reflect that the Court **CERTIFIES** pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 21 day of October, 2009.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE